EUGENIO PADILLA-RÍOS, Plaintiff and Appellee, v. JUSTICE OF THE PEACE COURT OF MARICAO, FRANCISCO MIRÓ, ACTING JUDGE, INSULAR BOARD OF ELECTIONS and E. W. KEITH, GENERAL SUPERINTENDENT OF ELECTIONS OF PORTO RICO, Defendants and Appellants.

No. 3618. Argued April 20, 1925.—Decided July 24, 1925.

1. APPEAL—NOTICE.—It is not necessary to give notice of appeal to a person who never became a party to the suit in which the judgment is appealed from.
2. ID.—An appeal is not academic when to reverse the judgment which mulcted the appellant in costs may necessitate an examination of the questions involved in such appeal.
3. ID.—JUDGMENT ROLL.—When a judgment roll has been certified by the attorneys for the appellee in conjunction with a fiscal and another attorney as attorneys for the appellant the appeal is not subject to dismissal, even if the fiscal was without right to intervene.

Motion to dismiss the appeal. Overruled.
José E. Figueras, Fiscal, Marcelino Romaní, District Attorney of Mayagüez, and Angel A. Vázquez for the appellants. Benet & Souffront for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellee in the district court obtained a judgment in certiorari as against the Justice of the Peace of Maricao, Francisco Miró. The latter appealed and the appellee moved to dismiss.

[1] Previously in the Court of the Justice of the Peace of Maricao Tomás Quintana had successfully on appeal chal-

lenged the right of the appellee Padilla to be an elector. The appellee says that Quintana was a necessary party and that this appeal should be dismissed because said Quintana was not notified of it. We have searched the record and do not find that the petitioner in the certiorari proceeding, the appellee in this court, made said Quintana a party therein. The certiorari proceeding was heard and decided without him and we see no possibility of notifying him, as he never became a party.

[2] The District Court of Mayagüez, in rendering judgment against Miró, Justice of the Peace of Maricao, mulcted him in costs. Hence, if the judgment in certiorari was erroneous, the defendant-appellant has a sufficient interest to appeal. To reverse the judgment and permit appellant, if successful, to be relieved of costs may necessitate an examination of any and all questions involved, so that the appeal is not merely academic, as appellee maintains.

[3] The *fiscal* of Mayagüez, M. Romany, and Angel A. Vázquez, attorneys for defendant-appellant, certify the judgment roll in conjunction with Benet & Souffront, attorneys of complainant-appellee. Appellee denies the right of the *fiscal* to certify. The *fiscal,* it may be assumed, was instructed to defend the justice of the peace, but, as another attorney also certifies, the judgment roll is duly before us and the appeal is not subject to dismissal, even if the *fiscal* was without right to intervene.

The motion to dismiss will be overruled.